# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELONZA JESSE TYLER,<br><br>        Plaintiff,<br><br>    v.<br><br>T. SMITH, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:05-CV-00916-OWW-SMS-P<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND<br><br>(Doc. 1) |

I.    <u>Screening Order</u>

    A.    <u>Screening Requirement</u>

Plaintiff Elonza Jesse Tyler ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on July 15, 2005.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

1  "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
2  exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.
3  506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short
4  and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro.
5  8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is
6  and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.  A court may dismiss a
7  complaint only if it is clear that no relief could be granted under any set of facts that could be proved
8  consistent with the allegations. Id. at 514.  "'The issue is not whether a plaintiff will ultimately
9  prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may
10 appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the
11 test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S.
12 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need
13 suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262
14 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a
15 plaintiff's factual allegations."  Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal
16 interpretation of a civil rights complaint may not supply essential elements of the claim that were not
17 initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting
18 Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

19     B.    Summary of Plaintiff's Complaint

20 The events at issue in the instant action allegedly occurred at Avenal State Prison, where
21 plaintiff was incarcerated at the time. Plaintiff names Correctional Officer T. Smith, Correctional
22 Sergeant T. D. Johnson, Appeals Coordinator T. Stiles, Associate Warden D. O. Sedley, Warden
23 Brad Espinosa, and Chief Appeal Coordinator T. Surges as defendants. Plaintiff is seeking money
24 damages.
25 The basis of plaintiff's claims is that his incoming mail was opened outside of his presence.
26 Plaintiff alleges that he has a constitutional and a statutory right to be present when mail from public
27 officials, attorneys, and all state and federal elected officials is opened. Plaintiff alleges that on
28 August 10, 2004, mail room staff opened mail sent to him by the Medical Board of California, and

on August 19, 2004, staff opened mail from the Public Defender's Office. Plaintiff filed an inmate appeal on August 19, 2004, complaining about his mail being opened. Plaintiff alleges that his mail was again opened on October 6, 2004, October 22, 2004, and March 29, 2005.

  C.  Plaintiff's Claims

    1.  Defendant Smith

Prison regulations provide that certain correspondence is classified as confidential and will not be read by staff. Cal. Code Regs. tit 15, § 3141 (2006). Plaintiff alleges that his confidential legal mail was treated as non-confidential material, and opened and inspected. There are several deficiencies in plaintiff's claim. First, isolated incidents of mail interference or tampering will not support a claim under section 1983 for violation of plaintiff's constitutional rights. See Davis v. Goord, 320 F.3d 346, 351 (2d. Cir. 2003); Gardner v. Howard, 109 F.3d 427, 431 (8th Cir. 1997); Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990). Plaintiff has alleged no facts that support a claim that his mail was intentionally interfered with due to improper motive, or that his mail was opened pursuant to an unconstitutional regulation or policy is to blame. Id.

Plaintiff alleges that defendant Smith responded to his appeal on August 26, 2004, and "admitted responsibility." (Comp., 2:10-12.) It is unclear who subsequently opened plaintiff's mail on October 6, 2004, October 22, 2004, and March 29, 2005. The allegation that defendant Smith opened plaintiff's mail on two occasions is simply not sufficient to support a claim for relief under section 1983.

Further, only the mail sent to plaintiff by the Public Defender's Office is of constitutional concern. The definition of confidential mail under state regulations is broader than that which is of significance under federal law. The provision for certain procedural protections under state law does not work to enlarge the protections Plaintiff is due under federal law. See Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997). In Wolff v. McDonnell, the Supreme Court noted that inspecting mail from attorneys in the presence of the inmate did all, and perhaps even more, than the Constitution requires. Wolff v. McDonnell, 418 U.S. 539, 577 (1974). In Wolff, the legal mail at issue was mail sent to the respondent from his own attorney. Correspondence between an attorney and a client is entitled to special protection under the attorney-client privilege. Therefore, plaintiff's

allegation that mail from the Public Defender's Office was opened outside of his presence might, under certain circumstances not found in the complaint, implicate a federally protected right. However, plaintiff's contention that mail from the Medical Board of California constitutes legal mail is unpersuasive, and the pieces of mail allegedly opened on October 6, 2004, October 22, 2004, and March 29, 2005, the opening of which plaintiff does not link to a named defendant, were not described by plaintiff.

The court finds that plaintiff's allegations, construed liberally, suggest that on two occasions, defendant Smith opened plaintiff's mail outside of his presence, and that one piece of mail was entitled to special protection under federal law. This is insufficient to support a claim that defendant Smith violated plaintiff's constitutional rights. The court will provide plaintiff with the opportunity to clarify his claim, if plaintiff believes in good faith that his rights were violated.

### 2. Defendants Stiles, Sedley, Espinosa, and Surges

The basis of plaintiff's claim against defendants Stiles, Sedley, Espinosa, and Surges is their involvement in responding to his inmate appeal grieving the opening of his mail on two occasions. To state a claim under section 1983, a plaintiff must plead (1) that the defendant acted under color of state law and (2) that the defendant deprived him of rights secured by the Constitution or federal statutes. Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. Buckley, 997 F.2d at 495.

Consideration of plaintiff's appeal does not create a basis upon which to impose liability on these defendants. Plaintiff's mail was opened by individuals other than these defendants, and the involvement of these defendants was limited to resolving plaintiff's appeal. Thus, there are no facts

set forth in the complaint which support a claim that defendants Stiles, Sedley, Espinosa, and Surges violated plaintiff's rights.

### 3. Defendant Johnson

Plaintiff alleges that Johnson failed to properly train and supervise defendant Smith. Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Plaintiff has not alleged facts sufficient to give rise to a claim for relief against defendant Johnson. Defendant Johnson's position as defendant Smith's supervisor, without more, and defendant Johnson's involvement in responding to plaintiff's inmate appeal do not provide a basis upon which to impose liability on defendant Johnson for violating plaintiff's rights.

### D. Conclusion

The court finds that plaintiff's complaint does not contain any claims upon which relief may be granted under section 1983. The court will provide plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order.

Plaintiff is informed he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is

involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state any claims upon which relief may be granted under section 1983;
2. The Clerk's Office shall send plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, plaintiff shall file an amended complaint; and
4. If plaintiff fails to file an amended complaint in compliance with this order, the court will recommend that this action be dismissed, without prejudice, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

**Dated:   April 12, 2006**                     **/s/ Sandra M. Snyder**
icido3                                             UNITED STATES MAGISTRATE JUDGE