# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELONZA JESSE TYLER,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>T. SMITH, et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO. 1:05-cv-00916-OWW-SMS PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED<br><br>(Doc. 13) |

I.　Findings and Recommendations Following Screening of Amended Complaint

　　A.　Screening Requirement

　　Plaintiff Elonza Jesse Tyler ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on July 15, 2005. On April 12, 2006, the court dismissed plaintiff's complaint, with leave to amend, for failure to state any claims upon which relief may be granted. Plaintiff filed an amended complaint on May 16, 2006.

　　The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

///

1  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
2  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

3        "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
4  exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.
5  506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and
6  plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).
7  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the
8  grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only
9  if it is clear that no relief could be granted under any set of facts that could be proved consistent with
10 the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether
11 the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of
12 the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey,
13 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also
14 Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the
15 opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir.
16 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."
17 Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights
18 complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l
19 Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d
20 266, 268 (9th Cir. 1982)).

21       B.    Summary of Plaintiff's Amended Complaint

22       The events at issue in the instant action allegedly occurred at Avenal State Prison, where
23 plaintiff was incarcerated at the time. Plaintiff names former California Department of Corrections
24 and Rehabilitation Director J. Woodford and Correctional Officer T. Smith as defendants. Plaintiff
25 is seeking money damages. The basis of plaintiff's claims is that his mail was opened and inspected
26 outside of his presence.

27 ///
28 ///

C. <u>Plaintiff's Claims</u>

1. <u>Claim Against Defendant Smith</u>

Prison regulations provide that certain correspondence is classified as confidential and will not be read by staff. Cal. Code Regs. tit 15, § 3141 (2006). Plaintiff alleges that on August 19,. 2004, Correctional Officer Smith opened and reviewed a letter from the Public Defender's Office.

Isolated incidents of mail interference or tampering will not support a claim under section 1983 for violation of plaintiff's constitutional rights. See <u>Davis v. Goord</u>, 320 F.3d 346, 351 (2d. Cir. 2003); <u>Gardner v. Howard</u>, 109 F.3d 427, 431 (8th Cir. 1997); <u>Smith v. Maschner</u>, 899 F.2d 940, 944 (10th Cir. 1990). Plaintiff has alleged no facts that support a claim that defendant Smith intentionally interfered with his mail due to improper motive, or that his mail was opened pursuant to an unconstitutional regulation or policy. <u>Id</u>. The allegation that defendant Smith opened plaintiff's mail on one occasion is simply not sufficient to support a claim for relief under section 1983.

2. <u>Other Incidents</u>

Plaintiff alleges that (1) on August 10, 2004, mail from the Medical Board of California was opened outside of his presence, (2) on September 13, 2004, someone held mail from the State of California Department of Industrial relations until October 8, 2004, (3) on October 25, 2004, mail from the California Victim and Compensation and Government Claims Board was opened outside of his presence, (4) on October 28, 2004, a confidential letter addressed to an attorney was returned to plaintiff opened and reviewed, (5) on March 29, 2005, plaintiff mailed an envelope to a legal investigative representative in Sacramento which was opened, (6) on July 15, 2005, an incoming envelope addressed to plaintiff was concealed and/or destroyed, and (7) on February 9, 2006, after plaintiff was transferred from Avenal, an envelope from a California superior court was opened and forwarded after a nineteen-day delay.

Only the mail sent to plaintiff by the Public Defender's Office and opened by defendant Smith, discussed in the preceding subsection, and the letter to an attorney are of constitutional concern. The definition of confidential mail under state regulations is broader than that which is of significance under federal law. The provision for certain procedural protections under state law does

1  not work to enlarge the protections plaintiff is due under federal law.  See Sweaney v. Ada County,
2  Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997).
3      In Wolff v. McDonnell, the Supreme Court noted that inspecting mail from attorneys in the
4  presence of the inmate did all, and perhaps even more, than the Constitution requires.  Wolff v.
5  McDonnell, 418 U.S. 539, 577 (1974).  In Wolff, the legal mail at issue was mail sent to the
6  respondent from his own attorney.  Correspondence between an attorney and a client is entitled to
7  special protection under the attorney-client privilege.  Therefore, plaintiff's allegation that a letter
8  to an attorney was opened might implicate a federal right if the letter fell within the purview of the
9  attorney-client privilege.  However, plaintiff's allegations that the other mail constitutes legal mail
10 and was opened in violation of his constitutional rights is unpersuasive, and an isolated incident
11 where some unidentified individual opened a letter to an attorney is insufficient to give rise to a
12 claim for relief under section 1983.  Further, isolated delays in mail delivery do not support a claim
13 for relief under section 1983.  Sizemore v. Williford, 829 F.2d 608, 610 (7th Cir. 1987).
14     In addition, the Civil Rights Act under which this action was filed provides:
15         Every person who, under color of [state law] . . . subjects, or causes
            to be subjected, any citizen of the United States . . . to the deprivation
16          of any rights, privileges, or immunities secured by the Constitution .
            . . shall be liable to the party injured in an action at law, suit in equity,
17          or other proper proceeding for redress.
18 42 U.S.C. § 1983.  "Section 1983 . . . creates a cause of action for violations of the federal
19 Constitution and laws."  Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997)
20 (internal quotations omitted.)  "To the extent that the violation of a state law amounts to the
21 deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution,
22 Section 1983 offers no redress."  Id.
23     Section 1983 plainly requires that there be an actual connection or link between the actions
24 of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v.
25 Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "'A
26 person 'subjects' another to the deprivation of a constitutional right, within the meaning of [§] 1983,
27 if [that person] does an affirmative act, participates in another's affirmative acts or omits to perform
28 an act which [that person] is legally required to do that causes the deprivation of which complaint

is made.'" Hydrick v. Hunter, 466 F.3d 676, 689 (9th Cir. 2006) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also be setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44). Plaintiff's complaint is devoid of facts linking the misconduct complained of to any defendants. Plaintiff may not evade the linkage requirement by naming Does 1-100, and then vaguely attributing misconduct to "defendants."

          3.      Claim Against Defendant Woodford

As plaintiff was previously informed, liability may not be imposed on supervisory personnel under section 1983 for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Plaintiff is attempting to impose liability on defendant Woodford in this action based on her former position as Director of CDCR. (Amend. Comp., ¶5.) This is impermissible. Plaintiff has alleged no facts that support a claim for relief under section 1983 against defendant Woodford and she is entitled to dismissal from this action.

///

///

1    D.    Conclusion

2    The court finds that plaintiff's amended complaint does not state any claims upon which
3 relief may be granted under section 1983.  Plaintiff was previously given leave to amend to cure the
4 deficiencies in his claims, but was unable to do so.  Accordingly, it is HEREBY RECOMMENDED
5 that this action be dismissed, with prejudice, for failure to state any claims upon which relief may
6 be granted.

7    These Findings and Recommendations will be submitted to the United States District Judge
8 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**
9 **days** after being served with these Findings and Recommendations, plaintiff may file written
10 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
11 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
12 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d
13 1153 (9th Cir. 1991).

14

15 IT IS SO ORDERED.

16 **Dated:     February 22, 2007**                    /s/ Sandra M. Snyder
   icido3                                                      UNITED STATES MAGISTRATE JUDGE
17